On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

*HS. Bld. Linen Dsk. Cls & Npks.* (*boxed*)

| | |
|---|---|
| 54 x 54 | Sterling 0–18–6 each |
| 14 x 14 (6) | Sterling 1– 0–6 per dozen |
| 54 x 72 | Sterling 1– 4–6 each |
| 14 x 14 (6) | Sterling 1– 0–6 per dozen |

All plus boxes @ 9d. each.   All less 3½ per centum.   All plus cases and packing @ Sterling 2–16–1.

Judgment will be rendered accordingly.

WEE SCOTS HOOSE ET AL. *v.* UNITED STATES

No. 6986.—Commercial invoice dated Edinburgh, Scotland, April 24, 1946, etc.
Entered at New York, N. Y., May 28, 1946, etc.
Entry No. 763987, etc.

(Decided March 11, 1947)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KINCHELOE, Judge:  The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.

JOHN E. HOSTETTER ET AL. *v.* UNITED STATES

No. 6987.—Invoices dated Birmingham, England, Feb. 27, 1946, etc.
Certified Feb. 28, 1946, etc.
Entered at Washington, D. C., March 27, 1946, etc.
Entry No. W–306, etc.

(Decided March 11, 1947)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge:  It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all

material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values, less additions made by importers on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

STRAUSS BROS. & CO. *v.* UNITED STATES

**No. 6988.**—Invoice dated Birmingham, England, May 1946.
Certified May 28, 1946.
Entered at New York, N. Y., June 28, 1946.
Entry No. 772686.

(Decided March 11, 1947)

*John D. Rode* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

. Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values, less additions made by importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

ALLAN JENSEN *v.* UNITED STATES

**No. 6989.**—Invoices dated London, England, May 14, 1941, etc.
Entered at New York, N. Y., June 14, 1941, etc.
Entry No. 768492, etc.

(Decided March 11, 1947)

*Lane & Wallace* and *Lane, Young & Fox* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d), Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.